IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 17-03037-07-CR-S-SRB |
| **JACOB MARK LOO**, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION

The United States of America, by Thomas M. Larson, Acting United States Attorney, and Timothy A. Garrison, Assistant United States Attorney, both for the Western District of Missouri, hereby moves the Court to detain the defendant, Jacob Mark Loo, without bail pending trial of this matter and to hold a hearing pursuant to 18 U.S.C. § 3142(f)(2) for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure his appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. In light of the superseding indictment returned on December 12, 2017, in this case, there is probable cause to believe that Loo committed the offenses of:

   a. conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A);

   b. six counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and

   c. attempted possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

    2.     Loo poses a serious risk to public safety; and

    3.     Loo poses a serious risk to flee.

## **SUPPORTING SUGGESTIONS**

Title 18, United States Code, Section 3142(f) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure Loo's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which imprisonment for ten years or more is possible. In this case, Loo is charged by indictment with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime which carries a statutory mandatory minimum sentence of imprisonment for a term of 10 years, and affords a maximum sentence of imprisonment for life. Loo has also been charged with six counts of distributing methamphetamine, and one count of attempting to possess with intent to distribute methamphetamine, offenses which carry a statutory sentencing range of up to 20 years.

The Government further submits that in light of the indictment returned in this case on December 12, 2017, there is probable cause to believe Loo has committed numerous violations of the Controlled Substances Act. Accordingly, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Title 18, United States Code, Section 3142(e) and (f)(1) provide that a presumption that

2

a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, Loo's statutory sentencing range is 10 years to life imprisonment.

Furthermore, the United States respectfully submits that the likelihood of conviction in this case is extremely high. During the course of this investigation, Loo conducted six hand-to-hand transactions with undercover police officers and other individuals cooperating with the investigation into Loo's drug trafficking activities. Moreover, while police were executing a search warrant at the residence of Loo's source of supply for methamphetamine, Loo arrived at the residence with the apparent intent of obtaining methamphetamine.

While Loo does not have an extensive record of criminal convictions, he is nevertheless the subject of numerous contacts with police, including several arrests for offenses including stealing a motor vehicle, driving while intoxicated, assault, driving without a valid license, and possession of controlled substances. Since the police contact at the residence of Loo's source of supply described above, the South Central Drug Task Force (SCDTF) has received a continuous stream of intelligence that indicates that Loo continues to distribute controlled substances, including a report of a minor child ingesting methamphetamine at Loo's residence. Loo is also a primary suspect in an ongoing murder investigation.

Aside from the statutory presumption that no condition or combination of conditions will reasonably assure Loo's appearance as required, the SCDTF has received intelligence that Loo is gathering money in order to move out of the State of Missouri.

**CONCLUSION**

For the reasons set forth above, the United States respectfully asserts that there is no condition or set of conditions that this Court could impose that will ensure the safety of the public or the defendant's appearance before the Court if he were released while awaiting trial. For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney


By  /s/ *Timothy A. Garrison*
TIMOTHY A. GARRISON, Mo. Bar #51033
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511


**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case, and that I have mailed by United States Postal Service the foregoing document to all non-CM/ECF participants in this case.

/s/ *Timothy A. Garrison*
TIMOTHY A. GARRISON
Assistant United States Attorney